PAUL F. CLARK v. MISSOURI, KANSAS & TEXAS TRUST COMPANY.

FILED OCTOBER 5, 1899. No. 8,947.

1. Mortgages: RIGHT OF MORTGAGOR TO POSSESSION. A mortgagor of real estate is ordinarily entitled to the possession thereof until confirmation of foreclosure sale, and by reason thereof has a proprietary interest in the rents and profits.

2. ———: EXECUTION: SALE OF MORTGAGOR'S INTEREST: RENTS. When the title and interest of the mortgagor are sold under an execution, the purchaser, by the confirmation of such sale and the execution of a deed pursuant thereto, is entitled from the date thereof to recover the rents from the mortgagee in possession. See *Orr v. Broad*, 52 Nebr., 490.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J. *Reversed.*

The opinion contains a statement of the case.

*Charles S. Allen* and *Joseph R. Webster*, for plaintiff in error:

A mortgage of land is a mere lien, and conveys no right to possession, or to rents. At execution sale of mortgagor's interest in the realty the purchaser acquired mortgagor's right to possession and to rents, and is not estopped to assert it. See *Newton v. McKay*, 30 Mich., 382; *Kidd v. Teeple*, 22 Cal., 262; *Freeman v. Campbell*, 42 Pac. Rep. [Cal.], 35; *Dutton v. Warschauer*, 21 Cal., 624; *Seckler v. Delfs*, 25 Kan., 159; *Hogsett v. Ellis*, 17 Mich., 373; *Hazeltine v. Granger*, 44 Mich., 503; *Thomson v. Shirley*, 69 Fed. Rep., 484; *Johnson v. Sherman*, 15 Cal., 293; *Taliaferro v. Gay*, 78 Ky., 498; *Sexton v. Breese*, 32 N. E. Rep. [N. Y.], 133; *Hardin v. Hardin*, 34 S. Car., 80; *Teal v. Walker*, 111 U. S., 252; *Russell v. Ely*, 2 Black [U. S.], 575; *Argall v. Pitts*, 78 N. Y., 239; *Howell v. Leavitt*, 95 N. Y., 617; *Godwin v. Stebbins*, 2 Cal., 105; *Jackson v. Robinson*, 4 Wend. [N. Y.], 436; *Jackson v. Fuller*, 4 Johns. [N. Y.], 215; *Den v. Adams*, 12 N. J. Law, 99; *Jackson v. Deyo*, 3 Johns. [N. Y.], 422; *Jackson v. Aldrich*, 13 Johns. [N. Y.], 106; *Scherrer v. Ingerman*, 11 N. E. Rep. [Ind.], 10; *Nash v. Baker*, 40 Nebr., 294; *Wilmott v. Barber*, 15 L. R., Ch. D. [Eng.], 96; *Oliver v. Lansing*, 48 Nebr., 338; *Montgomery v. Pickering*, 116 Mass., 227; *Tarkington v. Purvis*, 128 Ind., 187.

Defendant can not withhold rents to pay taxes, insurance or improvements. See *Carter v. Brown*, 35 Nebr., 670; *Cook v. Bertram*, 86 Mich., 356; *McLellan v. Omodt*, 37 Minn., 157; *Wheeler v. Merriman*, 30 Minn., 372; *Mahoney v. Bostwick*, 30 Pac. Rep. [Cal.], 1020.

*Thomas Ryan, contra:*

A purchase of rental property at execution sale has been held to be purchase of the right to redeem only, and

not to carry the right to rents and profits as against a mortgagee in possession. See *Morton v. Covell*, 10 Nebr., 428.

Action for use and occupancy can not be founded upon a wrongful entry and adverse holding. See *Jordan v. Mead*, 19 La. Ann., 101; *Richmond & Lexington Turnpike Road Co. v. Rogers*, 7 Bush [Ky.], 532; *Hall v. Jacobs*, 7 Bush [Ky.], 595; *Watson v. McEachin*, 2 Jones [N. Car.], 207; *Butler v. Cowles*, 4 O., 213; *Mitchell v. Pendleton*, 21 O. St., 664; *Dalton v. Landahn*, 30 Mich., 349; *Pierce v. Pierce*, 25 Barb. [N. Y.], 243; *Stockett v. Watkins*, 2 Gill & J. [Md.], 326; *Edmonson v. Kite*, 43 Mo., 176; *Nance v. Alexander*, 49 Ind., 516; *Espy v. Fenton*, 5 Ore., 423; *Lankford v. Green*, 52 Ala., 103; *Quimby v. Stebbins*, 55 N. H., 420.

A mortgagee may retain possession till his debt is paid, and is only required to apply upon the debt the excess of the rents over taxes, insurance, repairs and like charges. See *Comstock v. Michael*, 17 Nebr., 288; *Kemp v. Small*, 32 Nebr., 318; *Morrow v. Jones*, 41 Nebr., 867; *White v. Atlas Lumber Co.*, 49 Nebr., 82; *Barnett v. Nelson*, 54 Ia., 41; *Cook v. Kraft*, 3 Lans. [N. Y.], 512; *Moshier v. Norton*, 100 Ill., 63; *Harper's Appeal*, 64 Pa. St., 315; *Brown v. Simons*, 44 N. H., 475; *Brevoort v. Randolph*, 7 How. Pr. [N. Y.], 398; *Eagle Ins. Co. v. Pell*, 2 Edw. Ch. [N. Y.], 631; *Harper v. Ely*, 70 Ill., 581; *Fowley v. Palmer*, 5 Gray [Mass.], 549; *Stinchfield v. Milliken*, 71 Me., 567; *McConnel v. Holobush*, 11 Ill., 61; *Walton v. Withington*, 9 Mo., 545; *Reitenbaugh v. Ludwick*, 31 Pa. St., 131; *Chapman v. Porter*, 69 N. Y., 276; *Harrison v. Wyse*, 24 Conn., 1; *Tharp v. Feltz*, 6 B. Mon. [Ky.], 6; *Kellogg v. Rockwell*, 19 Conn., 446; *Hennesy v. Farrell*, 20 Wis., 46; *Brinkman v. Jones*, 44 Wis., 498; *Wood v. Whelen*, 93 Ill., 153; *Toomer v. Randolph*, 60 Ala., 356; *Downs v. Hopkins*, 65 Ala., 508; *Greer v. Turner*, 36 Ark., 17; *Anthony v. Rogers*, 20 Mo., 281; *Dawson v. Drake*, 30 N. J. Eq., 601; *Hubbell v. Moulson*, 53 N. Y., 225; *Martin v. Fridley*, 23 Minn., 13; *Fee v. Swingly*, 6 Mont., 596; *Roberts v. Sutherlin*, 4 Ore., 219.

Mortgagee was not wrongfully in possession. Its possession was legally obtained from the only person it knew as a holder of the title, and that was sufficient. See *Union Mutual Life Ins. Co. v. Lovitt*, 10 Nebr., 301; *Fulton v. Levy*, 21 Nebr., 482; *Morrow v. Jones*, 41 Nebr., 880; *Hennesy v. Farrell*, 20 Wis., 47; *Cooke v. Cooper*, 18 Ore., 142; *Spect v. Spect*, 88 Cal., 442; *Russell v. Ely*, 2 Black [U. S.], 575.

The right to maintain ejectment is a test of the right to recover rents in a suit at law. See *Gillett v. Eaton*, 6 Wis., 30*; *Tallman v. Ely*, 6 Wis., 244*; *Brinkman v. Jones*, 44 Wis., 498; *Reading v. Waterman*, 46 Mich., 107; *Chase v. Peck*, 21 N. Y., 581; *Hubbell v. Moulson*, 53 N. Y., 225; *Madison Avenue Baptist Church v. Oliver Street Baptist Church*, 73 N. Y., 82; *Phyfe v. Riley*, 15 Wend. [N. Y.], 248; *Parsons v. Welles*, 17 Mass., 419; *Moulton v. Leighton*, 33 Fed. Rep., 143; *Kilgour v. Gockley*, 83 Ill., 109; *Martin v. Fridley*, 23 Minn., 13; *Spect v. Spect*, 88 Cal., 437; *Cooke v. Cooper*, 18 Ore., 142.

The action should be one to redeem from the mortgage, and for an accounting. See *Fulton v. Levy*, 21 Nebr., 483; *Chase v. Peck*, 21 N. Y., 581; *Hubbell v. Moulson*, 53 N. Y., 225; *Tallman v. Ely*, 6 Wis., 244*; *White v. Atlas Lumber Co.*, 49 Nebr., 82.

The mortgagee, like a receiver, should only be held for rent actually received, not for estimated rental value. See *Comstock v. Michael*, 17 Nebr., 288; *Kemp v. Small*, 32 Nebr., 318; *Morrow v. Jones*, 41 Nebr., 867; *Quinn v. Brittain*, 3 Edw. Ch. [N. Y.], 314*; *Brown v. South Boston Savings Bank*, 148 Mass., 300; *Murdock v. Clarke*, 59 Cal., 683; *Hidden v. Jordan*, 28 Cal., 302.

NORVAL, J.

Paul F. Clark brought suit in the court below, alleging in his petition that on February 28, 1891, he was the owner in fee of lots C, D, E and F, Bigelow's subdivision of lots 11 and 12, block 27, in the city of Lincoln; that the defendant forcibly and wrongfully took possession

of the premises and held the same from July 15, 1891, to February 15, 1895, and that the rental value of the property was $400 per month, or $17,200, for which sum he prayed judgment.  The defendant, for answer, denied the allegations of the petition, and averred, in substance, that during the time stated in the petition defendant was the owner of certain mortgages on the said premises executed by one M. I. Bond, the former owner, from whom, it is alleged, the defendant received possession and to whom it accounted for rents received.  The defendant alleges it paid taxes, premium for policies of insurance, and made repairs and improvements aggregating more than $7,000.  The plaintiff replied by a general denial.  The cause was tried to the court, without the assistance of a jury, and at the request of plaintiff special findings of fact were made, which are, in substance, as follows:

1. That on February 24, 1891, plaintiff, by purchase at sheriff's sale, became the *bona fide* owner in fee simple of the premises, subject to the mortgage liens of the defendant hereafter described.

2. That on August 1, 1889, the defendant negotiated and made a loan of $30,000 on the property to one M. I. Bond, the then owner thereof; that it subsequently, and before plaintiff purchased the premises, made said Bond another loan thereon, for $22,000, each of which loans was secured by a mortgage upon the lots in controversy.

3. That the defendant, by consent and permission of Mrs. Bond, on October 20, 1891, entered into possession of the premises and held the same until February 15, 1895, without the knowledge, consent or acquiescence of plaintiff.

4. That Mrs. Bond was in possession of the property from the time of the completion of the hotel in 1890 until October 20, 1891; plaintiff received his sheriff's deed on August 2, 1891, and instituted a forcible detainer suit against Mrs. Bond to recover possession of the property, which resulted in a judgment of ouster being rendered against her on October 20, 1891; that the defendant was not a party to that litigation.

5. That plaintiff never demanded from defendant the possession of the property or the payment of rents.

6. That the defendant held possession as mortgagee from October 20, 1891, to February 15, 1895, collected the rents, and applied the same to its own use.

7. That the fair and reasonable rental value while the defendant held possession was the sum of $12,000.

8. That the sum of $4,178.56 was expended by the defendant in repairs, taxes and insurance, leaving a balance in its hands unaccounted for of $7,821.44, and for which amount the defendant is liable to account to the plaintiff.

9. That plaintiff had no knowledge or notice of any agreement between Mrs. Bond and the defendant whereby she gave possession to the defendant.

The judgment pronounced was that the defendant apply the balance, $7,821.44, upon the mortgages given it by Mrs. Bond. Plaintiff moved for judgment in his favor on the special findings for the amount of the rents, which was overruled, and he has brought the record to this court, presenting said ruling for review.

It is the established doctrine in this state that a mortgagor of real estate is ordinarily entitled to the possession thereof until confirmation of foreclosure sale, and by reason thereof he has a proprietary interest in the rents and profits. See *Orr v. Broad*, 52 Nebr., 490. It appears from the findings of the trial court that the defendant, as the mortgagee, entered into possession of the mortgaged premises with the consent and permission of Mrs. Bond, the mortgagor, and collected the rents and applied the same on the mortgage debts, taxes, insurance and repairs. We consider it plain that under the facts, as found, Mrs. Bond could not have recovered rents from the defendant, since her consent to its acquiring possession of the property created an exception to the general rule above stated relative to the rights of mortgagors. Did the granting of permission of the mortgagee to take possession of the premises prevent the plaintiff from re-

covering the rents? This question has been settled in the negative by the decision in *Orr v. Broad*, 52 Nebr., 490, in an opinion by Chief Justice HARRISON. In that case the plaintiff purchased the mortgaged premises at an execution sale, which sale was confirmed and the sheriff executed a deed to him. The mortgagee at the time of the sale was in posession of the premises by direction of the mortgagors, who had assigned in writing to the mortgagee the rents and profits of the mortgaged premises to accrue in the future. Under these conditions it was held that the purchaser at the execution sale could recover the rents from the mortgagee. The court, in the opinion, used this apposite language: "The plaintiff who purchased at the execution sale, by the confirmation thereof and the deed made pursuant thereto, was vested with such title and right as were in the judgment debtor at the time the lien of the judgment attached to the land. See Code of Civil Procedure, secs. 499, 500; *Reynolds v. Cobb*, 15 Nebr., 381; *Courtnay v. Parker*, 16 Nebr., 311, 21 Nebr., 582; *Lamb v. Sherman*, 19 Nebr., 681; *Yeazel v. White*, 40 Nebr., 432. These were the legal title and right to possession. His title and right thus acquired were liable to extinguishment by the foreclosure of the mortgages, a sale under the decree and confirmation thereof. See *Harrington v. Latta*, 23 Nebr., 84; *Lincoln Rapid Transit Co. v. Rundle*, 34 Nebr., 559; but until the occurrence of the last mentioned event he had the legal title and right to possession. Accompanying the legal title and right to possession the right to the rents and profits passed to the plaintiff; hence, from the date, November 19, 1891, the date of the confirmation of the execution sale, and deed of the sheriff to the plaintiff, the legal title was in him, he had the right of possession, and to collect the rents and profits of the real estate." The case before us is governed by the doctrine above stated. It is true in that case the purchaser at the execution sale demanded possession of the property from the mortgagee, while no such demand was made by Clark; but such dis-

tinction seems to have been unimportant, for in *Orr v. Broad* no demand for the possession was made until a year after the date of the sheriff's deed, and yet Orr was allowed rents from the date of such instrument. That Mrs. Bond consented to the defendant going into possession can not militate against the plaintiff herein, since at the time such consent was given Mr. Clark was the owner of the fee, and Mrs. Bond had no interest whatever in the property. The defendant was a trespasser from the time it entered into possession, and no demand or notice to quit was necessary to make it liable to the plaintiff for the rents and profits of the premises. See *Godwin v. Stebbins*, 2 Cal., 105; *Jackson v. Robinson*, 4 Wend. [N. Y.], 436; *Murphy v. Williamson*, 85 Ill., 151. *Morton v. Covell*, 10 Nebr., 423, cited by counsel for defendant, is not parallel with the case in hand. There the mortgagee was in possession of the property at the date of the execution sale under an agreement with the mortgagor providing therefor, while at the time Clark became the purchaser the mortgagee was not in possession. Moreover, Mrs. Bond had no title or interest in the premises when she consented to the defendant taking possession, her title having terminated by the sheriff's deed prior to the surrender.

In the brief of defendant it is argued that an action in assumpsit will not lie against the defendant, as the relation of landlord and tenant did not exist between it and the plaintiff. We do not controvert this doctrine. It is sufficient to say that the action is tort and not assumpsit. See *Lundgren v. Crum*, 47 Nebr., 242. If the plaintiff had been in lawful possession as mortgagee, then it would have been entitled to deduct from the rents the amounts necessarily expended for taxes, insurance and repairs; but it can not withhold moneys to pay these items, since it was a trespasser, seizing the property without the consent of Clark, the then owner of the premises. See *Mahoney v. Bostwick*, 30 Pac. Rep. [Cal.], 1020.

For the reasons stated the judgment of the **district**

court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.