JOHN M. WESTERFIELD V. SOUTH OMAHA LOAN & BUILDING ASSOCIATION ET AL.*

FILED NOVEMBER 22, 1905. No. 14,004.

1. **Foreclosure Sale: TITLE.** Under our law governing sales of real property on execution, the title of a purchaser thereat depends upon a final confirmation of the sale made; and until this is had, and a conveyance of the real estate is executed and delivered in pursuance of such confirmation, the legal title of the execution debtor to the real estate is not devested. *Yeazel v. White*, 40 Neb. 432, followed and approved.

2. ——: ——. The owner of real estate that has been sold on execution retains the legal title therein, and is entitled to the possession, rents, profits, and usufruct of such real estate until a final confirmation of the sale made.

3. *Clark & Leonard Investment Co. v. Way*, 52 Neb. 204, examined and distinguished.

ERROR to the district court for Douglas county: WIL-LIAM A. REDICK, JUDGE. *Reversed with directions to dismiss.*

*Rehearing denied. See opinion p. 58, *post*.

*Ellery H. Westerfield,* for plaintiff in error.

*A. H. Murdock, contra.*

OLDHAM, C.

On and prior to the 20th day of June, 1893, one Griffith was the owner of a certain lot in the city of South Omaha. This lot was subject to two mortgages, the first one for $1,000 in favor of the plaintiff in the court below, the South Omaha Loan & Building Association, and the second one for $753 in favor of W. A. McCollester and C. L. Brenizer. On the 12th day of October, 1893, the second mortgage was sold and assigned to John M. Westerfield, one of the defendants in the court below, and, subsequently, Griffith conveyed his equity in the premises by a quitclaim deed to the other defendant in the court below, Harry A. Westerfield. John M. Westerfield, the second mortgagee, entered into possession of the premises by consent of the owner, and for some time applied the rents of the building as partial payments on the first mortgage. After a number of these payments, Westerfield began applying the rents to the satisfaction of his second mortgage. The plaintiff loan and building association some time thereafter began foreclosure proceedings on its first mortgage, making the owner and the second mortgagee parties to the action. The action proceeded to a decree, finding the sum of $1,009.17 due on the first mortgage, and directing the property to be sold to satisfy the mortgage indebtedness. Under this decree the property was sold to the loan and building association for an amount practically equal to the debt secured by the first mortgage. The sale was confirmed in the district court on the 19th day of May, 1900. On the first day of June, 1900, defendant Harry A. Westerfield filed a supersedeas bond provided for in the decree and perfected his appeal to this court. On the 4th day of April, 1902, this appeal was dismissed,

and the possession of the premises and a sheriff's deed were delivered to the plaintiff loan and building association. After entering into possession of the premises, the plaintiff association instituted the case at bar by filing a petition in the county court of Douglas county against defendants John M. and Harry A. Westerfield to recover the value of the rents and profits of the mortgaged premises from the 19th of May, 1900, until the 4th of April, 1902, or for the time defendants were alleged to have occupied the premises pending the determination of the appeal from the order of confirmation. From a judgment in the county court in favor of the defendants, the cause was taken by appeal to the district court, where, on a trial to the court, a jury having been waived, a judgment was entered in favor of the plaintiff and against defendant John M. Westerfield for the sum of $303.57, and the cause was dismissed as against the defendant Harry A. Westerfield. To reverse this judgment, defendant John M. Westerfield brings error to this court.

There is no dispute as to any material facts in the controversy. It is admitted that defendant John M. Westerfield, by consent of the owner of the equity of redemption, held possession of the mortgaged premises during the pendency of the appeal from the order of confirmation and applied the rents to the payment of his second mortgage. The only question to be determined, then, is whether or not the purchaser at a mortgage foreclosure sale may recover from the mortgagor, or one holding under him, for the rents and profits of the mortgaged premises during the pendency of an appeal to this court from the order of confirmation, where the appeal bond does not contain such a condition. The appeal in this case was taken prior to the passage of the act requiring appeal bonds to provide for the payment of rents pending the appeal. Consequently, the conclusions reached herein apply only to appeals from execution sales of real estate prior to the passage of this act.

At the threshold of the discussion lies the question

as to when the legal title vests in the purchaser at a mortgage foreclosure sale. This interrogatory is answered by a long line of decisions of this court, which hold that the legal title to the mortgaged premises remains in the mortgagor until the sale is finally confirmed and the deed delivered. In the case of *Yeazel v. White*, 40 Neb. 432, RAGAN, C., after a careful review of the decisions of our own court, as well as those of sister states having similar statutes, announced the rule:

"Under our law governing sales of real property on execution, the title of a purchaser thereat depends upon a final confirmation of the sale made; and, until this is had and a conveyance of the real estate is executed and delivered in pursuance of such confirmation, the legal title of the execution debtor to the real estate is not divested." And also: "The owner of real estate that has been sold on execution retains the legal title thereto, and is entitled to the possession, rents, profits, and usufruct of such real estate until a final confirmation of the sale made."

In the still later case of *Hatch v. Shold*, 62 Neb. 764, HOLCOMB, J., said:

"The legal title of mortgaged real property remains in the mortgagor pending the confirmation of a sale thereof made under a decree of foreclosure of the real estate mortgage."

It is true, as contended for by counsel for the loan and building association, that, for certain purposes, the title after the final confirmation relates back to the date of the sale. But it was held in *Yeazel v. White, supra:*

"This doctrine of relation applies only to the title. It has no necessary reference to the *quantum* of the estate which the execution debtor owned at the time the judgment became a lien."

In this state a mortgage, prior to its foreclosure, and the final confirmation of the sale had thereunder, is but a security for the debt and does not operate as a lien on the rents and profits of the mortgaged premises unless

an application is made for a receiver in the manner provided by the statute. In opposition to this view, we are cited to an *obiter* remark of IRVINE, C., in *Clark & Leonard Investment Co. v. Way,* 52 Neb. 204, in which he says:

"Undoubtedly the purchaser is entitled to an accounting for rents in such a case from the time of confirmation; and perhaps in case of insolvency, where a surplus remains of the purchase money after discharging the liens, the purchaser may, on an application for distribution, obtain an equitable set-off to protect himself."

The facts involved in the case in which this suggestion was made were very complicated. The contest arose between the purchaser and the owner of the equity of redemption in the form of a motion to compel the purchaser to pay into court the full amount of his bid, and the purchaser sought to have deducted from the amount of his bid sums which he had paid as interest accruing on a prior mortgage after the sale, as well as taxes subsequently levied. While the court denied the right to apply these subsequent payments on the bid, the writer of the opinion merely suggested that, on the settlement of the surplus between the owner of the premises and the purchaser, the subsequent taxes and interest paid might be treated as an equitable set-off against the rents and profits pending the foreclosure. We express no opinion on the soundness of this suggestion, because the language is pure *dicta;* but, if the learned commissioner intended to infer that the purchaser at the mortgage sale could have an action at law against the mortgagee for rents and profits pending an appeal from the confirmation of the sale, we would specifically disapprove the suggestion.

It follows from what has been said that plaintiff has no right of action against the defendants, or either of them, for use and occupancy of the mortgaged premises pending the final decree of the confirmation of the sale. We therefore recommend that the judgment of the dis-

trict court be reversed and the cause remanded, with directions to dismiss plaintiff's petition.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded, with directions to dismiss the plaintiff's petition.

REVERSED.

The following opinion on motion for rehearing was filed June 8, 1906. *Rehearing denied:*

**Foreclosure Sale:** SUPERSEDEAS. The statute, prior to the recent amendment, allowed the supersedeas of a decree confirming a sale upon foreclosure of mortgage by giving a waste and cost bond only, and the purchaser at such sale could not recover for the use of the premises while the order of confirmation was so superseded, pending an appeal, even though the appeal was voluntarily dismissed by the appellant.

SEDGWICK, C. J.

In the brief upon the motion for rehearing it is insisted that, as the appellant dismissed his appeal to this court without any action of this court thereon, the judgment of confirmation of the district court was not affected by the appeal, and the purchaser's title became complete upon the confirmation of the sale in the district court. Under the former statute providing that upon appeal to this court from confirmation of sale the decree might be superseded by giving a bond for costs and guaranteeing against waste, and without providing for payment for the use of the premises while the appeal was pending, many complications arose, and in some of the decisions there are apparently conflicting statements. It was said in *Yeazel v. White*, 40 Neb. 432, that the purchaser's title is not complete until after the deed is executed and delivered. And in *Trompen v. Hammond*, 61 Neb. 446, it was said that the creditor is entitled to interest upon his

claim up to the date of confirmation. If therefore the creditor was compelled to purchase the land in satisfaction of his claim, he was deprived both of interest upon his claim and of the use of the premises from the date of the confirmation of sale until the deed was actually executed and delivered. An appeal and supersedeas operated to deprive the purchaser of the use of the premises for a considerable time after interest upon his claim had ceased. This injustice was perpetrated by the statute providing for a supersedeas without payment for the use of the premises; and the result was the same whether the appeal was voluntarily dismissed by the appellant, or the order of the district court confirming the sale was affirmed upon hearing in this court. In either case the purchaser who took the land in satisfaction of his mortgage was deprived of the use of the premises after interest had ceased to run upon his claim. This injustice has been done away with by the statute requiring a supersedeas guaranteeing payment for the use of the property in case the order appealed from is affirmed. The rule, as it formerly existed, resulted in restricting the value of real estate as security for loans. One desiring to purchase at foreclosure sale could only bid such sum as he could afford to pay in view of the fact that he might not obtain possession of the land until after an appeal had been prosecuted to this court, and the order confirming the sale was finally enforced. He could not pay for the land what it would be worth if upon confirmation of the sale he could obtain possession of the land or its equivalent. It would seem from a consideration of the statutes, and their construction by the former decisions of this court, that the legislature intended to so limit the right to pledge lands in security for debt. This construction of the statute justifies the judgment entered in this case, and the motion for rehearing is

OVERRULED.