CITY OF LINCOLN, APPELLANT, V. LINCOLN STREET RAILWAY
COMPANY ET AL., APPELLEES.

FILED JANUARY 18, 1906.   No. 14,436.

1. **Continuance.** A motion for a continuance is directed to the sound
legal discretion of the trial court, and its decision thereon will
not be reversed unless there has been an abuse of such discretion.

2. **The purchaser** under a decree of foreclosure acquires by his deed
all of the interest of the mortgagor in and to the mortgaged
property; and the grantee of such purchaser, who is in posses-
sion of the property as owner in fee, is not liable to a junior
incumbrancer for rents and profits, where such junior incum-
brancer does not seek to redeem the prior incumbrances.

3. **Decree: DESCRIPTION OF PROPERTY.** The rule, "That is certain which
can be made certain," applies to the description of property
ordered sold by a decree of foreclosure; and where the property
is described as it is commonly known and designated, and its
identity can be readily ascertained, the decree will not be vacated
for uncertainty.

4. **Tax Sale: REDEMPTION.** Section 3, article IX. of the constitution,
grants the owner of real estate sold for the nonpayment of taxes
or special assessments of any character whatever the right of re-
demption for a period of two years from the date of the sale.
This provision is self-executing, and a junior lienholder is not
entitled to a decree ordering the sale of such property, without
the right of redemption.

5. **Res Judicata.** A proceeding cannot be maintained to set aside or
vacate a decree of foreclosure, based on an allegation of fact
which was in issue and was determined in the trial which re-
sulted in such decree.

APPEAL from the district court for Lancaster county:
ALBERT J. CORNISH, JUDGE. *Affirmed in part.*

*E. C. Strode* and *D. J. Flaherty,* for appellant.

*Clark & Allen, contra.*

BARNES, J.

This proceeding was instituted by the city of Lincoln
to vacate or modify a decree of foreclosure of the district

court for Lancaster county rendered March 12, 1902. The original action was instituted to foreclose a lien for paving assessments, and on appeal the decree therein was affirmed by this court. *City of Lincoln v. Lincoln Street R. Co.,* 67 Neb. 469. The application was dimissed on its merits, and the city appeals. The propositions contended for by the appellant will be taken up and disposed of in the order of their presentation.

1. It is alleged in the petition that the decree of March 12, 1902, was based on a stipulation of facts which was not the stipulation made by the parties, nor was it a true or correct copy thereof. This allegation was made the basis of a prayer to vacate and set aside the decree. It is strenuously insisted that the district court erred in overruling the appellant's application for a continuance to obtain testimony to support that allegation. An application for a continuance is addressed to the sound legal discretion of the trial court, and, unless it clearly appears that there has been an abuse of such discretion, the ruling on that question will be affirmed. *Burris v. Court,* 48 Neb. 179.

It appears from the record that this proceeding was commenced on the 2d day of April, 1904; that on the 1st day of the January term, 1905, the court assigned it for trial on the 13th day of February, following; that thereafter, and seven days before the day fixed for the trial, the appellant, by leave of the court, amended its petition, and the defendant, the Lincoln Traction Company, immediately filed its answer thereto; that on the day of trial appellant filed its motion for a continuance, supported by certain affidavits of counsel, in which it was stated, in substance, that the stipulation on which the decree complained of was rendered was not, as they were informed and believed, the stipulation of facts as made by the parties, nor was it a correct copy thereof; that the stipulation contained many erasures and interlineations; that they were informed and believed that the stipulation actually made between the parties was a clean copy without any such interlineations and erasures; that they desired the con-

tinuance to obtain the testimony of N. C. Abbott and J. R. Webster, former city attorneys of the city of Lincoln, to establish that fact; that paragraphs 15 and 16 of the stipulation fixed the date when the bonds secured by the New York Security & Trust Company's mortgage were executed, and the statement contained therein was untrue. It was also stated in the affidavits that these facts were not known to counsel until about ten days before the date fixed for the trial of the cause. The affidavits do not show any diligence on the part of the city or its attorneys; the statements contained therein are not positive, but are of such an equivocal character as to afford no basis for a prosecution for perjury, if untrue. It is admitted that the signatures appended to the stipulation are the genuine signatures of the former city attorneys, and that document was used by the present city attorneys on the trial, which resulted in the decree of March 12, 1902; so counsel must have known of its condition as early as that date. That such a showing was not sufficient to require the trial court to grant a continuance is apparent, and his ruling on that point should be affirmed.

2. The city next contends that it was entitled to an accounting. The basis of that claim is that the city with its third lien is in the position of a junior mortgagee; that it was not made a party to the foreclosure proceedings in the federal court, under which the title of the Traction Company to the Street Railway property was obtained, and its rights were not affected by that decree; that the Traction Company has only the rights of a senior mortgagee in possession, and must account for the rents and profits of the property. It is contended that this is not the proper proceeding in which to determine that question, because the power of the district court to vacate or modify its own judgments is limited to the grounds enumerated in section 602 of the code. It is unnecessary to discuss that question, because the application must be denied on its merits. It is true that counsel for the city cite a number of cases, some of which appear, at first blush, to sus-

tain their contention, but a careful examination discloses
that they do not apply to the facts here under considera-
tion. The petition discloses that certain persons pur-
chased the Street Railway property at a judicial sale,
under a decree of foreclosure rendered by the federal court,
which was in all respects legal and valid, that they re-
ceived a deed therefor, and thereafter conveyed the prop-
erty in fee to the Lincoln Traction Company, which went
into possession thereof as owner; that the city was not
made a party to the proceeding, and its rights were not
affected thereby. So it may be said that the city as a
junior lienholder has a right to redeem the prior incum-
brances, and may do so by paying the amount of prior
liens, with interest and cost. But the city does not ask
or offer to redeem in this proceeding. The right of an
accounting is an incident to an action to redeem. Pom-
eroy, speaking of that matter says: "This accounting be-
longs exclusively to the equitable jurisdiction, and can be
enforced only in a suit to redeem, brought by the mort-
gagor or subsequent incumbrancer." 3 Pomeroy, Equity
Jurisprudence (3d ed.), sec. 1,218. And that is the rule
adopted by this court. In *Renard v. Brown*, 7 Neb. 449,
the same situation was presented as in this case. A senior
mortgage was foreclosed without making a junior incum-
brancer a party to the foreclosure suit. The senior mort-
gagee purchased the property and went into possession;
subsequently the junior mortgagee sought to compel him
to account for the rents and profits and apply them on the
senior lien. On this state of facts it was said:

"After a sale has been made and confirmed and a deed
executed and delivered to the purchaser he takes all the in-
terest of the mortgagor in the property. Our statute pro-
vides that such deed 'shall vest in the purchaser the same
estate that would have vested in the mortgagees if the
equity of redemption had been foreclosed, and no other
or greater; and such deeds shall be as valid as if executed
by the mortgagor or mortgagee, and shall be an entire bar
against each of them and all parties to the suit in which

the decree for such sale was made, and against the heirs respectively and all persons claiming under such heirs.' * * * In this case the plaintiff was not in possession of the premises as mortgagee, but as owner of the fee, and as such is not liable to account to a junior mortgagee."

This rule was approved and followed in *Higginbottom v. Benson*, 24 Neb. 461; *Huston v. Canfield*, 57 Neb. 345; *Orr v. Broad*, 52 Neb. 490; *and Clark v. Missouri, K. & T. Trust Co.*, 59 Neb. 53. It is also cited in 2 Jones, Mortgages (6th ed.), sec. 1,118, where it is said: "But if it (the foreclosure) operates not only as an assignment of the prior mortgage, but as a foreclosure of the equity of redemption subject to the junior mortgage, the purchaser standing in the place of the mortgagor or owner of the premises is not liable to account for the rents and profits." It has also been cited with approval by the supreme court of Indiana in *Catterlin v. Armstrong*, 79 Ind. 514; *Gaskell v. Viquesney*, 122 Ind. 244, and by the supreme court of Minnesota in *Rogers v. Benton*, 39 Minn., 39; 38 N. W. 765. We are satisfied with this rule, and it may be said that it has been so long established in this state that it has become a rule of property, and we see no good reason to depart from it at this time. We are therefore of opinion that in the present proceeding the city is not entitled to an accounting.

3. The city also insists that the decree in question should be made more definite and certain in the description of the property ordered sold to satisfy its lien. No authorities are cited in support of this contention, and the main complaint is that the numbers of the lots and block on which the power house mentioned therein is situated, are not given. It appears that the city did not complain of the description at the time the decree was rendered, and that question was not presented to us on its appeal to this court. So it is doubtful if it can be heard to complain of that matter at this time. But we are of opinion that the decree should more specifically describe the property in question. The record discloses that it is a matter of com-

mon knowledge that there is but one street railway power house on Ninth street in the city of Lincoln, and that is situated on the south half of block 102 in said city. There is no hard and fast rule which applies to the description of property, either in a deed of conveyance or a decree; and parol evidence is admissible, if necessary, to identify the land, if it be only described by name. In *Coleman v. Manhattan Beach Improvement Co.,* 94 N. Y. 229, the description "Pelican Beach near Barren Island" was held good. In *Hurley v. Brown,* 98 Mass. 545, "a house and lot of land on Amity street" was held sufficient, and parol evidence was admitted to correct the latent ambiguity. Keeping in mind the rule, "That is certain which can be made certain." it seems clear that the description contained in the decree, to wit, "The power house on Ninth street," is a sufficient description of that property to sustain the decree, and the defect furnishes no ground to vacate it or for the appointment of a receiver.

4. The city further contends that it was entitled to have the decree modified, or a supplemental decree entered, declaring that the sale thereunder should be made without the right of redemption. The decree gives the city a lien on the real estate belonging to the Street Railway Company, and specifically denies its right to a lien on personal property. Section 3, article IX of the constitution, grants the owner of real estate sold for the nonpayment of taxes or *special assessments of any character whatever,* the right of redemption for a period of two years from the date of sale, and in one of the former appeals in this case it was held that this provision applied to the assessments in question, and was self-executing. *Lincoln Street R. Co. v. City of Lincoln,* 61 Neb. 109, 142. That holding is decisive of this question, and the judgment of the district court on that point must be affirmed.

5. Counsel for the city have not argued the question of setting aside or vacating the decree of March 12, 1902, in their brief, and we have the right to treat it as waived; but it may be said, in passing, that the facts on which the

prayer for that relief is based were challenged and attacked at the trial resulting in that decree. Counsel not only refused to offer in evidence paragraphs 15 and 16 of the stipulation in question on that trial, but were permitted to and did go behind that document and introduced all the proof at their command to show that the bonds secured by the New York Security & Trust Company's mortgage were not issued and delivered in the manner and at the time recited therein. The issue thus litigated was decided against the city, and it is conclusively bound by that decree. Its correctness cannot now be questioned in a proceeding of this kind.

When this proceeding was commenced, the city made an application for the appointment of a receiver, but the application was withdrawn, by leave of the court, and made the basis of another action before another judge of the district. So that matter is not presented for our determination in this case. Neither have we decided the questions presented by the defendants relating to matters of practice or procedure in like cases, because we have deemed it best to decide this case on its merits.

After having carefully examined the record and considered all of the questions presented by counsel, we are of opinion that the judgment of the district court was substantially right, and it is therefore affirmed in all things except as to description of the property; that as to said matter the judgment of the district court be reversed, and the cause is remanded, with directions to the trial court to so correct the decree as to more specifically describe said property; and that the appellee recover its costs in this court.

JUDGMENT ACCORDINGLY.

LETTON, J., not sitting.