NICHOLS & SHEPARD COMPANY V. AUGUST H. MILLER ET AL.

FILED JUNE 8, 1906.  No. 14,104.

Instructions examined, and *held* erroneous.

ERROR to the district court for Stanton county: GUY T. GRAVES, JUDGE. *Reversed.*

*M. D. Tyler,* for plaintiff in error.

*A. R. Oleson* and *W. W. Young, contra.*

EPPERSON, C.

In this proceeding the plaintiff in error seeks to reverse the judgment of the district court for Stanton county in an action instituted·by the plaintiff in error against the defendants in error on two promissory notes. It is admitted by the pleadings that the notes sued on, with others, were given by defendant August H. Miller, as principal, and Wilhelm Miller, as surety, in consideration of the purchase of a threshing outfit consisting of a traction engine, separator and appliances. In their answer, defendants alleged that they suffered a total failure of consideration, and that the property was not as represented by the plaintiff's sales agent. In reply the plaintiff exhibited a written instrument signed by the defendants, which it alleged was a contract of purchase. This instrument contained a warranty of the property, and imposed conditions to be performed by the purchasers precedent to a rescission thereof in case the machinery was not as represented. And it also provided: "This order is subject to the acceptance of the said company, and, when so accepted, is a binding contract"; but did not state in what manner the company's acceptance should be evidenced.

Defendants sought to impeach this instrument on the grounds that it had not been accepted by the plaintiff, and that the signature of the defendant thereto had been obtained by fraud. Some evidence was given in support of the latter contention. This instrument was signed by the defendants and delivered to plaintiff or its agent. Thereupon the property was delivered to defendants. It was *prima facie* evidence of the contract, and the burden rested upon the defendants to impeach it by proving fraud, or to defeat it by showing a compliance with its conditions on their part, or a waiver thereof by plaintiff. This was the most important issue in the case, regarding which the jury should have been, but were not, instructed. This contract provided that in case the machinery proved defective, the defendants should notify the plaintiff by writing. No

evidence whatever was introduced to show an attempt on the part of the defendants to comply with this provision of the contract. The court in two instructions, excepted to by the plaintiff, assumed that such evidence had been submitted, prefacing the same with the following: "If you further find that defendants failed and neglected to notify the plaintiff company of such defects, and afford the plaintiff an opportunity to remedy the same as required by said written warranty, then," etc. Such instructions were not sustaind by the evidence, and the giving of the same was error.

Defendants' counsel contend that there was a total failure of consideration, and that it is immaterial whether or not the written order was binding upon the defendants. We cannot apply that rule to this case as it is now presented. The contract itself contemplated a total failure by providing: "If any part of the machinery cannot be made to fill the warranty, that part which fails shall immediately be returned to the place where it was received, with the option of the company to either furnish another machine, or to return the money and notes." This, also, is a condition with which the defendants should have either complied, or shown a waiver thereof by the company or an agent having actual or ostensible authority. And the evidence on this point should also be submitted to the jury under proper instructions.

We recommend that the judgment of the district court be reversed and this cause remanded for a new trial.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.