CENTRAL LIFE ASSURANCE SOCIETY, Appellee, v. GEORGE F. SPANGLER et al., Appellees; PEOPLES STATE BANK OF WINTHROP, Appellant.

**EXECUTION:** Sale—Redemption—''Ownership'' Sufficient to Redeem.
1  A deed of conveyance which purports to be a warranty deed carries such ownership of the land as will enable the grantee to redeem from a mortgage foreclosure sale, when the habendum clause clearly evinces an intention to transfer an estate of inheritance, even though the *granting* clause seems to limit the conveyance to the ''right to redeem.''

**EXECUTION:** Sale—Redemption—Unity of Ownership and Right of
2  Redemption. Ownership of land and the right of redemption are inseparable.

**DEEDS:** Construction—Granting and Habendum Clauses. The haben-
3  dum clause of a deed of conveyance which clearly indicates the quality of the estate conveyed will be given full force and effect when the granting clause does not clearly indicate such quality.

Headnote 1:  42 C. J. p. 359.  Headnote 2:  42 C. J. p. 357.  Headnote 3:  18 C. J. pp. 267, 288,

Headnote 3:  12 L. R. A. (N. S.) 956; 8 R. C. L. 1045.

*Appeal from Buchanan District Court.*—H. B. BOIES, Judge.

NOVEMBER 25, 1927.

The controversy is over the right of redemption of certain real estate from an execution sale. The question presented is: Was S. T. Spangler, who purported to redeem from the execution sale, the *owner* of the real estate, within the meaning of the law? The answer to the question depends upon the construction to be put upon the instrument under which said Spangler claims ownership. The trial court sustained his claim of ownership and the validity of the redemption made by him, and entered judgment accordingly. From such judgment the Peoples State Bank of Winthrop has appealed.—*Affirmed.*

*Johnson, Donnelly & Lynch* and *Trewin, Simmons & Trewin,* for appellant.

*Hasner & Cherny* and *Edwards, Longley, Ransier & Harris,* for appellees.

EVANS, C. J.—The proceedings under consideration were supplementary to a foreclosure proceeding under the title first above set forth. The Central Life Assurance Society foreclosed its mortgage for $20,000 against George F. Spangler and wife, as principal defendants, and obtained decree therefor. The mortgaged premises comprised a farm of 330 acres. It was sold under special execution on November 15, 1925, for the full amount of the mortgage and costs, and a sheriff's certificate was issued to the plaintiff accordingly. This certificate was acquired by Peoples State Bank of Winthrop, the complainant herein.

<div style="margin-left:2em">1. EXECUTION: sale: redemption: "ownership" sufficient to redeem.</div>

On October 15, 1925, while the foreclosure suit was pending, but before decree therein, defendant George F. Spangler and wife executed and delivered to their son, S. T. Spangler, an instrument denominated a warranty deed. On October 15, 1926, S. T. Spangler, claiming ownership under such instrument, purported to redeem from the execution sale by paying to the clerk of the district court the full amount due the execution-plaintiff; whereupon he received from the clerk a certificate of redemption. At the expiration of the year of redemption, the Peoples State Bank of Winthrop presented to the sheriff its sheriff's certificate of sale, and demanded of the sheriff that he execute to it a sheriff's deed of the mortgaged premises. Upon the refusal of the sheriff to comply with this request, it filed and presented its motion, under the provisions of Section 11241, Code of 1924, asking that the sheriff be directed by the court to comply with its demand. No controversy is presented over any question of procedure, and the dispute is concentrated upon the merits of the issue. The substance of the contention for the appellant is that the instrument under which the appellee claims, did not in terms purport to convey to him the ownership of the mortgaged premises. This contention is resisted by the appellee. The instrument, as set forth in appellant's motion, was as follows:

"George F. Spangler and Nellie M. Spangler to S. T. Spangler. Warranty Deed. Filed for record the 16th day of October, 1925, at 10:45 A. M. Emma V. Moore, recorder, recording fee 50¢. No. 2798.

"Know All Men by These Presents: That George F. Spangler and Nellie M. Spangler, his wife, of Buchanan County and state of Iowa, in consideration of the sum of one thousand ($1,000.00) dollars, in hand paid by S. T. Spangler, of Buchanan County, Iowa, *do hereby sell and convey to the said S. T. Spangler the following described premises situated in Buchanan County,. Iowa:.* All the rights of redemption of the premises described as follows: . The east half of the southeast quarter of Section thirty-four (34) and that part of the southwest quarter of Section thirty-five (35) lying west of the road (except the north 1¾ acres lying between said road and the west bank of Buffalo Creek, in the southeast quarter of the southwest quarter of Section thirty-five (35) ; and the west sixty (60) acres of the south half of the northwest quarter of Section twenty-seven (27), all in Township ninety (90) Range eight (8), and the north thirty-five (35) acres of the east forty (40) acres of the west half of the northeast fractional quarter of Section three (3) in Township eighty-nine (89) Range eight (8), to which I am or might be entitled under the law to exercise after a sheriff's sale of said premises, under a special execution issued or to be issued out of the office of the clerk of the district court of Buchanan County, Iowa, upon a judgment in favor of the Central Life Assurance Society of the United States as plaintiff and against George F. and Nellie M. Spangler and others as defendants.

"Also all the use and rights of possession of said premises during the period of redemption from such sale, together with the rents, profits and income accruing thereon..

"To have and to hold the premises above described with the appurtenances unto the said grantee and his heirs and assigns forever. And we do hereby covenant with the said grantee that we are lawfully seized of said premises; that they are free from incumbrance; that we have good right and lawful authority to sell and convey the same; and we do hereby covenant to warrant and defend the title to said real estate and appurtenances thereto belonging against the lawful claims of all persons whomsoever. And Nellie M. Spangler hereby relinquishes all her right of dower and all her right under the homestead laws of the state

of Iowa, in and to described premises. Signed this 16 day of October, 1925.

"Nellie M. Spangler,

"Duly acknowledged. George F. Spangler."

The deficiency, if any, in the foregoing deed which is stressed by the appellant is that its granting clause purports to convey only "all the rights of redemption of the premises described * * * Also all the use and rights of possession of said premises during the period of redemption."

It is its further contention that this deficiency cannot be supplied or cured by the subsequent provisions of the habendum clause. The argument is that the purported conveyance of the right of redemption was wholly nugatory, because such right is a mere incident of ownership, and inseparable from it; that, in legal effect, the grantor reserved the fee title in himself, and that the right of redemption, therefore, inhered in such title, and remained with the grantor as an incident of his ownership, notwithstanding his attempted transfer thereof; that the deed had no other legal effect than to transfer to the grantee the right of use and possession of the land during the year of redemption. We have held many times that the ownership of real estate and the right of redemption thereof are inseparable, and in a sense

2. EXECUTION: sale: redemption: unity of ownership and right of redemption.

identical, in that they are parts of the same thing. *Wissmath Packing Co. v. Mississippi River Power Co.,* 179 Iowa 1309; *Sayre v. Van der Voort,* 200 Iowa 990; *Starits v. Avery,* 204 Iowa 401. Ownership is always transferable. Its transfer necessarily carries the statutory right of redemption. The practical effect of such statute is that, when the distressed, and perhaps helpless, owner of real estate is approaching the end of his period of redemption, he may barter to another the remnant of his rights, both contractual and statutory. In such a case, the right of redemption carries the only value which the ownership has. Such value is potential, and can be realized only by the exercise of the right of redemption. The exercise of such right saves the ownership. If the owner is not able to exercise such right, then neither ownership nor right of redemption has any value.

Except as to the temporary possession, the contention of

appellant is that the instrument above set forth was wholly nugatory because of the indicated deficiency in its granting clause; and this presents the particular question for our consideration. It is essential to the argument of appellant that the granting and habendum clauses be kept apart. The emphasis of the argument is therefore directed to the proposition that, as between the two clauses in a conveyance, the granting clause controls, and that it may not be defeated or qualified by the provisions of the habendum. We think the argument at this point hangs on a very slender thread. The instrument before us is to be construed precisely as though the grantor and grantee therein were before us here, with or without controversy. If the grantor were to challenge the validity of the instrument as a conveyance, what should we say to him? The instrument purported by its caption to be a warranty deed. It purported to "sell and convey the following premises." Premises were described. The habendum clearly indicates the purpose to convey the ownership of such premises. Could the grantor contend that the instrument was nugatory, and conveyed nothing? Clearly, the grantor did intend to transfer the right of redemption. That represented at the time substantially all the value left in his ownership, apart from the temporary possession. Inasmuch as that intent is clear and unmistakable, and inasmuch as the right of redemption is inseparable from the right of ownership, why should we infer that he intended to reserve ownership in himself? In this state, the rule of construction of a deed is substantially the same as that which applies to any other instrument. The instrument is taken in its entirety, and construed as a whole. If effect can be given to all its parts, it is so done. There is no actual conflict in the provisions of this instrument. If the granting clause had in terms purported to reserve the ownership in the grantor, a very different question would be presented. In such a case, the granting and the habendum clauses would become contradictory. There is no such reservation. The grantor does not purport to reserve any right in himself. Though it be true that the provisions of the habendum clause will not be permitted to contradict or defeat the granting clause, it is also true that the provisions of the habendum clause will be given effect unless they contradict or defeat some affirmative provisions of the granting

*3. DEEDS: construction: granting and habendum clauses.*

clause. This question of construction was considered in Beedy v. Finney, 118 Iowa 276, wherein we said:

"Where, however, the premises purport to convey without qualification or description, there can be nothing inconsistent with it in the habendum declaring the character or quality of the thing transferred, for that is not elsewhere defined. The repugnancy, to defeat the habendum, must be such that the intention of the parties either cannot be ascertained from the whole instrument, or, if ascertained, cannot be carried into effect. If, from the entire instrument and attending circumstances, it appears that the grantor intended to enlarge, restrict, or even repugn the conveyancing clause, the habendum will control. It is then to be regarded as an addendum or proviso to the granting clause, which will control it even to the extent of destroying its effect. In short, the modern rule requires the consideration of the deed as a whole, and not in separate and distinct parts, as was formerly done, and the finding of repugnancy avoided, whenever all the provisions of the instrument may, without ignoring the accepted canons of construction, be given force and carried into effect."

In Glenn v. Gross, 185 Iowa 546, we said:

"It is the settled rule of this state that deeds or other instruments of conveyance shall be construed, if possible, so as to give effect to all parts of the instrument, and to carry out the intention of the grantor."

The appellant relies upon the case of Prindle v. Iowa Soldiers Orphans Home, 153 Iowa 234, in support of its contention. We do not think that the cited case fairly supports the contention. The instrument under consideration in that case contained a granting clause which purported in express terms to grant an estate of inheritance. The habendum clause purported to limit the estate to one for life. It was held that the two provisions were expressly contradictory, and that, therefore, the habendum must yield to the express provision of the granting clause. The general rule prevailing in this state was recognized in that opinion as follows:

"It will be conceded that, if the premises or granting clause does not in any way define or limit the estate conveyed, or if the grant is in general terms only, from which, in the absence of other words, an estate in fee is to be inferred, the habendum

may be given effect to qualify, restrict, or enlarge the estate and effectuate the intent of the grantor, as derived from a reading of the entire instrument. *Beedy v. Finney*, supra; *Whetstone v. Hunt*, 78 Ark. 230 (93 S. W. 979); 8 Am. & Eng. Ann. Cas. 443.''

No such contradiction is presented in the instrument under consideration. The express terms of the granting clause do not indicate the quality or duration of the estate conveyed. The habendum indicates an estate of inheritance. The habendum contradicts, therefore, not the express provisions of the granting clause, but only the inference which appellant would draw from the omissions of the granting clause, that the grantor reserved title in himself. If we may consider the provisions of the habendum for the purpose of construing the instrument as a whole, it would necessarily follow that such provisions must be deemed effective to rebut contrary inferences or presumptions of fact not expressed. It is to be remembered, also, that, as a rule, a deed is to be construed most strongly as against the grantor. As between the parties to the instrument, the fact that both husband and wife purported to join therein, and that the wife in terms purported to relinquish her dower, is a feature of the instrument proper to be considered on the question of its construction. We reach the conclusion that the instrument was a sufficient conveyance of ownership to the grantee to entitle him to make his purported redemption.

The order of the district court is, accordingly,—*Affirmed*.

All the justices concur.