COUNTY OF DOUGLAS, APPELLANT, v. CHARLOTTE A. CHRISTENSEN ET AL., APPELLEES: HARVEY E. RASP, APPELLEE.

15 N. W. 2d 53

FILED JUNE 30, 1944. No. 31848.

*Kelso Morgan, A. H. Gutberlet* and *August Ross,* for appellant.

*A. J. Whalen* and *Bolus J. Bolus, contra.*

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

This action was brought by the county of Douglas to foreclose liens for delinquent taxes on certain lots located within the boundaries of the county pursuant to the provisions of chapter 176, Laws 1943. The petition was filed September 8, 1943. Decree of foreclosure was entered December 21, 1943. The lots were sold March 21, 1944. On May 1, 1944, the purchaser filed a motion to confirm the

sale, supported by a waiver and consent to confirmation by the record owner of the lots. Douglas county objected to the confirmation of the sale for the reason that the property was sold under a decree entered pursuant to section 1, ch. 176, Laws 1943, and the court is without jurisdiction to confirm the sale until two years from March 21, 1944, date of the sale. Under subdivision 1 of section 3, ch. 176, Laws 1943, the objection was overruled. Douglas county appeals.

The question presented is whether or not a confirmation of a tax sale, brought by a county without a prior administrative sale, under the provisions of section 1, ch. 176, Laws 1943, may be had prior to two years from date of the sale, with the consent of all parties entitled to redeem.

Sections 77-2039, 77-2040, 77-2041, Comp. St. Supp. 1941, and section 77-2042 to and including section 77-2048, Comp. St. 1929, covering the same subject matter, and all amendments thereto in force, were repealed by chapter 176, Laws 1943. The county's contention is that section 3 of said chapter is mandatory and not directory, calling attention to section 3 of chapter 176, and subdivision 1 thereof, viz.: "In the foreclosure of a tax lien, as provided by section 1 of this act, final confirmation of sale cannot be had until two years have expired from the date of the sale held by the sheriff in the foreclosure proceedings; * * * ."

Chapter 176, Laws 1943, in so far as it need be considered here, by section 1 gives the counties a lien on real estate within its boundaries for all taxes due, and directs that, if any real estate is offered for sale for three consecutive years and not sold for want of bidders, the county shall bring an action, similar to a mortgage foreclosure, to foreclose the tax lien. Section 2 directs the manner of foreclosing tax sale certificates and provides that the action shall not be commenced until the time for redemption has expired. Section 3 provides that the foreclosure proceedings provided by the foregoing provisions of this act "shall be conducted as nearly as possible in the same manner, except in the following particulars: (1) In the foreclosure of a tax lien, * * * final confirmation of sale cannot be had until two

years have expired from the date of the sale held by the sheriff in the foreclosure proceedings; * * * ." Section 77-2039, Comp. St. Supp. 1941, provided for foreclosure of tax liens after a parcel of real estate had been offered at regular tax sale and not been sold for three consecutive years. It directed foreclosure similar to a mortgage foreclosure, without prior administrative sale, and a sale to the highest bidder. It provided for redemption within two years from the date of the sale by the owner, or any person having a direct legal interest in the property. It directed a confirmation of sale after two years from the sale on motion of the county attorney.

This court in *Douglas County v. Village of Ralston*, 133 Neb. 834, 277 N. W. 341, deciding the identical question as here presented, and interpreting section 77-2039, Comp. St. Supp. 1935 (Comp. St. Supp. 1941, sec. 77-2039), now repealed, and the language therein contained, viz.: "At any time after the expiration of two years the court shall, on motion * * * make and enter an order of confirmation," held:

"Where such statute grants the owner of the fee or any person having legal interests in lands two years from the date of sale in which to redeem, and further provides that the court may, at any time after two years, on motion of the county attorney, confirm the sale, *held*, that the provision for delay of two years was for the benefit of the owner of the fee or person having legal interest in the lands, and where such owner or person legally interested in the lands files a waiver of his right to redeem during such period, the court may proceed at once to hear a motion to confirm sale."

Section 3, art. VIII of the Constitution of Nebraska, reads in part: "The right of redemption from all sales of real estate for the non-payment of taxes or special assessment of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof."

Previous to the adoption of the Constitution of 1920, the language appearing in section 3, art. VIII of the Constitu-

tion of 1920, appeared in section 3, art. IX of the former Constitution. This constitutional provision has been held by this court to be self-executing. See *Lincoln Street Ry. Co. v. City of Lincoln,* 61 Neb. 109, 84 N. W. 802; *County of Logan v. McKinley-Lanning Loan & Trust Co.,* on rehearing, 70 Neb. 406, 101 N. W. 991; *City of Lincoln v. Lincoln Street Ry. Co.,* 75 Neb. 523, 106 N. W. 317. Thereafter no statute or decree is necessary to enforce it or place it in operation, and the provisions of section 3, ch. 176, Laws 1943, add nothing to the self-executing constitutional provision and are not intended as a limitation on the power of the court. The right of redemption from tax sale is a property right. *Parsons v. Prudential Real Estate Co.,* 86 Neb. 271, 125 N. W. 521. And in *Connely v. Hesselberth,* 132 Neb. 886, 273 N. W. 821, the court clearly indicates that a person having property rights to preserve or protect may do so by redeeming the property, within the concept of section 3, art. VIII of the Constitution. Being a property right, it may, as such, be sold or transferred by the owner, and section 3 of chapter 176, Laws 1943, is not intended to forbid the transfer of this property right.

Section 3, ch. 176, Laws 1943, merely reiterates the constitutional provision as construed by the court and is not an enlargement of the right or a limitation on the power of the court, and is but a reenactment of section 77-2039, Comp. St. Supp. 1941, and as reenacted has now repealed section 77-2039, as construed in *Douglas County v. Village of Ralston, supra.* However, such case is pertinent and determinative of the question here presented.

In *Johnson v. Weborg,* 142 Neb. 516, 521, 7 N. W. 2d 65, we said: " * * * when the legislature reenacts a law, it thereby adopts the judicial construction which has theretofore been placed upon it by this court. *State v. Cornell,* 54 Neb. 647, 75 N. W. 25. And, as subsequently stated, the legislature will be presumed to have known the effect which such statute originally had, and by its reenactment to have intended that that same effect should again be had. *Shandy v. City of Omaha,* 127 Neb. 406, 255 N. W. 477."

We deem the legislative intent and the correct interpretation to be placed on section 3, subdivision 1 thereunder, of chapter 176, Laws 1943, to be that in the foreclosure of a tax lien, as provided by section 1 of the act, final confirmation of sale cannot be had until two years shall have expired from the date of the sale, held by the sheriff in the foreclosure proceeding, unless the right to redeem is waived by the owner of the fee or all persons having legal interest in the land.

AFFIRMED.