County of Lancaster, appellee, v. Albert P. Schwarz et al., appellees, Otto H. Schmidt, appellant, Rees Wilkinson, Jr., objector and appellee.

45 N. W. 2d 432

Filed December 27, 1950.   No. 32844.

*Miles W. Johnston,* for appellant.

*Frederick H. Wagener, Herbert A. Ronin, Arthur E. Perry,* and *William L. Schaumberg,* for appellee County of Lancaster.

*Chambers, Holland & Groth,* for appellee Wilkinson.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Simmons, C. J.

The trial court in this action refused to confirm a tax sale where there had been a full payment of the amount required to redeem, a payment made by one holding a conveyance from the owner at the time of the

decree and sale. The purchaser at the foreclosure sale appeals. We affirm the judgment of the trial court.

On August 9, 1946, petition was filed for the foreclosure of tax liens on three lots in the city of Lincoln involved in this action, and other lands. Maude K. Sutton, as owner, was a party defendant. On September 18, 1946, the cause went to decree in which the court found the amount of the lien to be $4,080.09. The court decreed that in default of payment for a period of 20 days, the lands not redeemed be sold as upon execution; that the purchaser pay all subsequently accruing taxes; and that upon the expiration of two years from the date of sale and upon a showing of payment of subsequent taxes upon lands that remained unredeemed at that time, the purchaser shall be entitled to confirmation and sheriff's deed. It further was ordered that "any person entitled to redeem" could do so at any time before final confirmation by paying the amount found due with interest, costs, and the amount of subsequent taxes paid by the purchaser, with interest, and that "It is further ordered that defendants and each of them be and are hereby foreclosed, and forever barred of any and all claims upon, interest or estate in, right or title to, or lien upon, or equity of redemption in or to said herein described real estate, and that upon a showing having been made that all subsequent taxes have been paid by the purchaser and upon confirmation of said sale as provided by law, that the purchaser or purchasers thereof, take a good and indefeasible title to said real estate so purchased, and be placed in possession of the same."

On November 19, 1946, the property was sold at sheriff's sale, pursuant to the decree, to Otto Schmidt for $1,000.

On November 18, 1948, one Kenneth Green filed objections to the confirmation and offered to purchase the property for $1,500. Schmidt moved to strike the objections on November 23, 1948. The court overruled

the objections to confirmation on January 24, 1949. Green thereupon filed amended objections to confirmation, raising his offer to purchase to $2,000. On February 14, 1949, the amended objections were overruled. Green and the county appealed here, resulting in our decision in County of Lancaster v. Schwarz, 152 Neb. 15, 39 N. W. 2d 921, in which the appeal was dismissed. Our mandate was filed in the office of the clerk of the district court on February 4, 1950. On that date Schmidt moved for confirmation, reciting that he had paid all subsequent taxes levied on the property.

On February 7, 1950, Rees Wilkinson, Jr., hereinafter referred to as Wilkinson, filed objections to confirmation, reciting that on February 4, 1950, he, being the owner of the land, redeemed said lots from the sale by paying $7,101.06 to the clerk of the court, that being the amount determined by the clerk to redeem the property.

On February 7, 1950, the court on application of Green, ordered the money deposited by him returned, less costs charged to him.

The matter was heard on the motion of Schmidt to confirm and the objections of Wilkinson. At the hearing it was stipulated that Wilkinson on February 4, 1950, paid $7,101.06, and on February 7, 1950, $75.40, a total of $7,176.46, to the clerk of the court, and that that amount was the correct amount for redemption.

A deed from Maude K. Sutton to Wilkinson was admitted in evidence by stipulation. It is dated November 20, 1947, recites one dollar and other valuable consideration, and provides that Sutton does "remise, release and forever quit-claim and convey" the described property (which includes also other property than that involved here) to Wilkinson. Schmidt offered evidence that Rees Wilkinson negotiated the purchase, paid $225 for the deed and directed that the grantee be Rees Wilkinson, Jr., and that he, Schmidt, had paid all subsequent taxes.

The court found that on November 20, 1947, Sutton

conveyed the property to Wilkinson; that Wilkinson had paid the amount necessary to redeem the property; and that on February 7, 1950, Wilkinson had the right to redeem and did redeem. The court denied Schmidt's motion to confirm and sustained Wilkinson's objections to confirmation. Motion for rehearing was made and overruled. Schmidt appeals.

Appellant's contentions here may be summarized as follows: That the decree fixed the right of the parties as of its date; that the decree cut off all rights of Sutton in the property including her equity of redemption; that thereafter she had only the constitutional and statutory right of redemption; that the right of redemption is a personal privilege and not a property right; that Sutton had no interest in the land to convey when the deed to Wilkinson was executed and delivered; that the deed did not carry with it the right to redeem; that the constitutional and statutory right of redemption is limited to the owner at the time of the decree and sale; that accordingly Wilkinson had no right in the matter and got none by paying the taxes and charges; and that his objections should have been overruled and appellant's motion to confirm sustained.

We have heretofore summarized the provisions of the decree and quoted that part upon which appellant relies.

We think it patent from the terms of the decree itself that the trial court therein protected the owner or any person entitled to redeem in his right of redemption; that the purchaser is entitled to confirmation and sheriff's deed only as to lands remaining unredeemed; and that that part of the decree which purports to foreclose and bar the equity of redemption does not become absolute prior to the confirmation of the sale. Obviously, were everything cut off finally as of the date of the decree, save the right to redeem, that right would become an empty thing. Obviously, also, if the equity of redemption were cut off as of the date of the decree, then, in the event of redemption, to make it mean anything, affirma-

tive action of the court would be required to reinvest the owner with those rights. Such is not the purpose, effect, or requirements of the decree.

To so construe the decree is to keep it in accord with the long established rule in this state that "Under our law governing sales of real property on execution, the title of a purchaser thereat depends upon a final confirmation of the sale made; and until this is had, and a conveyance of the real estate is executed and delivered in pursuance of such confirmation, the legal title of the execution debtor to the real estate is not devested." Westerfield v. South Omaha Loan & Building Assn., 75 Neb. 53, 105 N. W. 1087, on rehearing, 75 Neb. 58, 107 N. W. 1010.

The right of redemption from a tax sale is a property right and, as such, may be sold or transferred by the owner. County of Douglas v. Christensen, 144 Neb. 899, 15 N. W. 2d 53.

The Supreme Court of Iowa in Central Life Assurance Society v. Spangler, 204 Iowa 995, 216 N. W. 116, held: "* * * the ownership of real estate and the right of redemption thereof are inseparable, and in a sense identical, in that they are parts of the same thing. * * * Ownership is always transferable. Its transfer necessarily carries the statutory right of redemption. The practical effect of such statute is that, when the distressed, and perhaps helpless, owner of real estate is approaching the end of his period of redemption, he may barter to another the remnant of his rights, both contractual and statutory. In such a case, the right of redemption carries the only value which the ownership has. Such value is potential, and can be realized only by the exercise of the right of redemption. The exercise of such right saves the ownership. If the owner is not able to exercise such right, then neither ownership nor right of redemption has any value."

A quitclaim deed, such as used here, is sufficient to convey the right of redemption. Lynde v. Wakefield,

19 Mont. 23, 47 P. 5; Bateman v. Donovan, 131 F. 2d 759.

Under these authorities Wilkinson held the rights formerly vested in Sutton, including the right to redeem. When he paid the amount due into court, it then became the court's duty to deny confirmation of the sale to appellant, unless there be merit in appellant's contention that the constitutional and statutory right of redemption is limited to the owner at the time of the decree and sale.

Article VIII, section 3, of the Constitution, involved here, provides: "The right of redemption from all sales of real estate, for the non-payment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof."

The statutory provision is: "Any person, entitled to redeem * * * may do so at any time after the decree of foreclosure and before the final confirmation * * *." § 77-1917, R. R. S. 1943.

The constitutional provision is self-executing. No statute or decree is necessary to enforce it or place it in operation. County of Douglas v. Christensen, *supra.*

The question then is, was Wilkinson an "owner" or "person interested" in the real estate within the constitutional provision?

It is obvious that the word "owner," as used here, is one of broad inclusion for the constitutional framers used the words "owners and persons interested." Had the constitutional framers desired to limit the right to one having the ownership at the beginning of the period of redemption, they could easily have said so. They did not, and, we think, for obvious reasons.

The purpose of the laws providing for the enforced collection of taxes by foreclosure is to secure tax revenues for the governmental subdivisions entitled thereto. If the right of redemption is frozen in the owner as of the time of the sale, then the probability of someone paying

the taxes in full would be materially lessened with the probable loss of tax revenues, as this case well illustrates.

The obvious purpose of the constitutional provision is to give the owner a very reasonable opportunity to save the value of the land, if value there be, over and above tax burdens. The opportunity of the owner to save the value by sale would be cut off if the contention of the appellant is sound. There is no purpose indicated to so penalize the owner; the opposite conclusion is indicated.

Accordingly we hold that where a tax foreclosure has gone to decree and sale, and the owner subsequently and before confirmation conveys to another, the grantee of such a conveyance has the right of redemption.

We find no merit in appellant's contentions.

The judgment of the trial court is affirmed.

AFFIRMED.