## City of Philadelphia v. Orliner

*Frank F. Truscott, city solicitor,* for plaintiff.
*Harry A. Rutenberg,* for purchaser.
*Lester S. Hecht,* for petitioner.

SLOANE, J., April 22, 1953.—On March 3, 1952, the Sheriff of Philadelphia County sold a lot numbered 4207-11 Main Street, Philadelphia, at a tax sale upon the city's claim. The sale was made pursuant to a decree of this court under section 31 of the Municipal

Claims Act of May 16, 1923, P. L. 207, 53 PS §2051, and having met the requirements of this section as to failure to obtain the "upset price" at a prior sale, notice to the owner and lienholders of a rule to show cause with hearing thereon, it resulted in a discharge of "all tax and municipal claims, liens, mortgages, charges, and estates of whatsoever kind, subject only to the right of redemption as provided by law." (Section 31, supra).

At the sale the high bid of $525 was made by one Charles Udell; the sheriff's deed to him was acknowledged on March 24, 1952. On December 2, 1952, one Raymond C. Biddle, Jr., presented his petition to the court to redeem the property from Udell upon payment to him of the amount bid together with all other proper charges and interest, under section 32 of the above act (53 PS §2052). Biddle averred that he was the assignee of a first mortgage upon the property which had been discharged by the sale. This mortgage had been created in 1929 by Philip Orliner, who was still the record owner at the time of the tax sale. The mortgagee was Anna M. Haskell, who assigned to Ingram Bergman on September 27, 1932. Bergman assigned to Biddle on October 31, 1952. The date of this assignment was subsequent to the date of the sheriff's deed to the purchaser at the tax sale, and this fact raises the one issue in the case.*

---

* In his answer to Biddle's petition, Udell had averred that Biddle obtained the assignment of the mortgage from Bergman by the misrepresentation that he was the purchaser of the property at the sheriff's sale. Udell's answer also stated that Biddle is in the business of purchasing the fee or liens on properties which have been sold for nonpayment of taxes in order to avail himself of the right to redeem. No argument about the alleged misrepresentation was however pressed at the hearing on the petition; it was in any event an extraneous matter for only Bergman could have standing to complain about it and not Udell. See Philadelphia v. Schaefer et al., 269 Pa. 550, 553. The point of law that Biddle was a subsequent assignee was not even made in the answer but was raised for the first time at the hearing upon the petition.

Section 32 of the Act of 1923 reads as follows:

"The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may redeem the same at any time within one year from the date of the acknowledgement of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether (or) not entered as liens, if actually paid; . . .

"Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereupon the court shall grant a rule to show cause. . . ."

At the hearing on the rule, the purchaser Udell opposed Biddle's petition to redeem on the ground that he took his assignment of the discharged mortgage after the date of the acknowledgment of the sheriff's deed. He concedes that an assignee of the owner could redeem because he is given that right by the language of the statute. He argues, however, that since the statute specifically mentions assignees of the owner but omits that word in the case of "any party whose lien or estate has been discharged thereby", that the legislature must have intended to limit the right of redemption in the latter situation to the one who actually held the lien or estate at the date of the sheriff's deed. It was, however, the law even before the passage of the legislation specifically referring to the owner's assignee, that a grantee of the owner by deed subsequent to the tax sale had the right to redeem from the purchaser at the sale: Gault's Appeal, 33 Pa. 94. See Indiana County Petition, 360 Pa. 244, 249.

Neither side has cited a Pennsylvania case on the precise point of the right of a mortgagee's subsequent assignee to redeem, nor have we found one, but we do

not agree with the purchaser's contention that redemption is barred.

"The privilege of redemption has always been liberally construed in Pennsylvania under the various acts of assembly regulating tax sales": Philadelphia v. Schaefer et al., 269 Pa. 550, 552-3; Levick v. North Versailles Township et al., 360 Pa. 510, 514; Roth Appeal, 159 Pa. Superior Ct. 145, 152.

The undoubted right of Bergman to redeem constituted an estate in the land which I would hold assignable in the absence of express prohibition against it in the redemption statute. Suppose Biddle were to reassign to Bergman within the year, could the purchaser claim that even Bergman had lost the right to redeem? I cannot infer legislative intent to bar assignees of mortgagees from the failure of the statute to refer to them directly. Since redemption from tax sales is favored by the law, assignees of mortgagees ought to be able to assert that privilege.

I am free of the extreme idea that I am deft in the diagnosis of the lawmakers' express or implicit purpose. It could well be argued, and it is argued, that the phrase "or his assignees" put in one place and omitted in another, shows the legislature's purpose, a deliberate purpose, not to allow redemption to an assignee of a mortgagee. But it could also mean this: the legislature declared three enveloping groups in the redemption class: (1) owners; (2) assignees of owners; (3) any one who is affected in lien or estate. And while it may be begging the question, the assignee of a mortgagee is one who could be affected in lien or estate. The section could be read in the generality of the words of Section 6 of the Act of April 14, 1840, P. L. 349, 72 PS §6095. See also the Amendment of May 22, 1945, P. L. 844, 53 PS §2051.1.

To me the meaning of the section is felt as I have expressed it though perhaps I have not proved it; there

is the spark of insight in the Holmes statement: "the meaning of a sentence is to be felt rather than to be proved": United States v. Johnson, 221 U. S. 488, 496. In any case it is my choice of construction; it seems reasonable, intelligible, and more to the echo of the latitudinous view of our courts of the concept of redemption-right. Analogous situations have been so treated in other jurisdictions. See, for example, Kilgore v. Gamble, 253 Ala. 334 (1950), 44 S. 2d 767, 768; Holbrook v. Brown et al., 214 Mass. 542 (1913), 101 N. E. 1087, 1088; County of Lancaster v. Schwarz, 153 Neb. 472 (1950), 45 N. W. 2d 432. See and compare also the cases collected in 2 A. L. R. 778, 792; 95 A. L. R. 1085, 1094.

The purchaser also makes the argument that to permit a subsequent assignee of a lienholder to redeem would aid speculators who purchase divested liens for nominal sums to reap an unjustified profit. This argument loses its force when it is considered that the act of redemption annuls the tax sale and restores the liens which had been discharged. The situation reverts back as if the sale had not been held. See Yocum v. Zahner, 162 Pa. 468, 475; Philadelphia v. Unknown, 30 Pa. Superior Ct. 516, 518. And since the purpose of the act authorizing tax sales free of mortgage liens is to enable the government to collect its taxes (Erie v. Piece of Land, 339 Pa. 321, 325), redemption with consequent restoration of liens would increase the city's chances of recovering unpaid taxes which were discharged as liens by the sale (a considerable sum in this case where the upset price was $4,750 and the property brought $525 at the tax sale).

### Order

The rule granted upon the petition to redeem is made absolute, and it is hereby ordered and decreed that the purchaser, Charles Udell, shall convey premises 4207-4211 Main Street, Philadelphia (more fully described

in the petition to redeem), to Raymond C. Biddle, Jr., by proper deed, upon payment to him of the amount bid at the sheriff's sale of the property, together with all other sums as required by the Act of May 16, 1923, P. L. 207, sec. 32.