DOUGLAS COUNTY, APPELLEE, v. VILLAGE OF RALSTON ET AL.: BETH SMITH, APPELLANT.

277 N. W. 341

FILED JANUARY 21, 1938. No. 30136.

*William A. Ehlers,* for appellant.

*James T. English, Walter E. Schroeder* and *Harry L. Welch, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and ELDRED, District Judge.

ELDRED, District Judge.

This action was brought by the county of Douglas, appellee, to foreclose liens for delinquent taxes on real property situated in the village of Ralston, pursuant to the provisions of section 77-2039, Comp. St. Supp. 1935. The petition was filed November 12, 1935. Decree of foreclosure was entered March 14, 1936. The property was

sold by the sheriff under the decree on June 2, 1936; the return indicating property involved herein to have been sold to Beth Smith, appellant. On July 24, 1936, a waiver of right of redemption and consent to confirmation of sale was filed by defendants village of Ralston and William A. Ehlers. On November 13, 1936, appellant, Beth Smith, filed a motion to confirm sale of the property shown to have been sold to her.

Douglas county, appellee, filed objections to the confirmation of the sale for the reasons, among others: (a) That the purchaser has not complied with that part of section 77-2039, Comp. St. Supp. 1935, requiring payment of subsequent taxes, those taxes which had accrued during the pendency of action or after the sale had been held; (b) that the motion is not filed by the county attorney; (c) that two years have not elapsed since the date of sale; and (d) that the purchaser named was not the actual purchaser, but that the real purchaser was the former owner of the lots, William A. Ehlers.

At the hearing on the motion to confirm sale, there was received in evidence an exhibit containing a statement of regular county, state and village taxes unpaid, which were assessed and levied in August, 1935, and became a lien January 1, 1936; and special assessments with interest thereon, on the several tracts, levied prior to the commencement of the action, but not delinquent at the time action was commenced and not included in the petition, these items aggregating $764.64. The trial court found that, subsequent to the amount there shown, the 1936 county taxes have become due, and instalments of special taxes have become delinquent; that taxes and assessments set forth in said statement were levied and assessed prior to the commencement of the action, were not included in the petition filed herein, had become due and delinquent since the commencement of the action, and that said amounts which have become so due and delinquent on each respective tract and parcel of land since the commencement of the action should be paid pursuant to the provi-

sions of said section 77-2039, Comp. St. Supp. 1935, as· a condition precedent to confirmation. And on such finding the court decreed that the motion of Beth Smith, appellant, for confirmation of sale be denied and overruled on the ground that the purchaser has not complied with that part of said section 77-2039, Comp. St. Supp. 1935, requiring the payment of subsequent taxes, those taxes which became due or delinquent during the pendency of the action, or after the sale had been held, as to each separate tract or parcel of land, except as to certain lots not involved in this appeal, as to which sales were confirmed. It was further ordered and decreed by the court that if and when the purchaser, Beth Smith, shall show to the court on proper application therefor that the taxes and assessments on any separate tract or any number of tracts or parcels of land have been paid, as provided by said section, she shall have confirmed in her the sale as to such tracts, and a deed made by the sheriff in the manner and form provided by law. From this decree the purchaser, Beth Smith, has appealed. No cross-appeal has been filed.

The appellant makes three assignments of error, all of which may be embodied in one proposition; that is, that the decree of the trial court is contrary to the express provisions of section 77-2039, Comp. St. Supp. 1935, under which the action was brought. Appellant's contention being that there were no taxes or special assessments levied subsequent to the commencement of the suit; and that she is not required by the provisions of the statute under which the action is maintained to pay the taxes or assessments levied prior to the commencement of the action, as a condition precedent to the confirmation of sale. She further contends that upon confirmation she is entitled to a deed passing title free and clear of all liens of every nature.

Section 77-2039, Comp. St. Supp. 1935, so far as material to the questions here involved, reads:

"Counties shall have a lien upon real estate within their boundaries for all taxes due thereon to the state, county

or any subdivision thereof. After any parcel of real estate has been offered for sale for taxes for three consecutive years, and not sold for want of bidders, the county commissioners shall make and enter an order directing the county attorney to foreclose the lien for all taxes then delinquent, in the same manner, except as herein provided, and with like effect as if such lien were a mortgage. * * * After twenty days from the date of the decree an order shall issue for the sale of every parcel covered thereby but not theretofore redeemed. The sale shall be conducted in the same manner as sales of real estate upon execution, and each parcel shall be sold to the highest bidder for cash; provided, however, that no parcel shall be sold for a less sum than the amount of bid plus the costs apportioned against it to the date of the sale. The purchaser shall pay all taxes which may thereafter be levied against the parcels purchased by him, as the same shall fall due. * * * At any time after the expiration of two years the court shall, on motion of the county attorney, examine the proceedings, and, if they are found to be correct, and if the subsequent taxes have been paid to date, shall make and enter an order of confirmation, and shall direct the sheriff to make and deliver to the purchasers without further cost to them, a sheriff's deed for any real estate not redeemed. No sales shall be confirmed and no deeds shall be ordered by the court until all taxes accruing subsequent to the foreclosure have been paid."

Under the statute, only taxes delinquent may be included in the petition. If, as appellant contends, she is not required to pay the taxes levied before suit commenced but not delinquent, as a condition precedent to confirmation, and that upon confirmation she gets a title free and clear of all liens of every nature whatsoever, then the taxes levied but not delinquent became automatically canceled, and the property relieved of all lien or claim therefor. Such could not have been the intention of the legislature in the passage of the law. The general purpose of the act evidently was to provide a means whereby the de-

linquent taxes might be cleared up and the lands placed back on the tax list as revenue producing property. Where any other reasonable construction is possible, it should not be so construed as to afford a means through which property may be relieved from its just burden of taxation. When this section is considered in its entirety, there appears no difficulty in reconciling the different provisions so as to accomplish the intent and purpose of the legislature.

The law provides for the foreclosure of the lien of the county for all taxes "then delinquent;" that is, for all taxes delinquent at the time of the commencement of the foreclosure proceeding. The foreclosure is in the same manner and with like effect as a mortgage foreclosure, except as provided in said statute. The exceptions, other than the right to a two-year period of redemption, relate to payments the purchaser is required to make in addition to the sum bid, as a condition precedent to confirmation. In addition to certain costs he is required to pay, "The purchaser shall pay all taxes which may thereafter be levied against the parcels purchased by him, as the same shall fall due." Standing alone, this language would possibly afford some foundation for appellant's contention that she was only required to pay taxes thereafter levied. But, the section contains a further provision, "If the subsequent taxes have been paid to date;" this clearly refers to taxes subsequent to those involved in the suit. The section further provides: "No sales shall be confirmed * * * by the court until all taxes accruing subsequent to the foreclosure have been paid." Some consideration is given by counsel in briefs as to the meaning of the word "accruing," as here used. In Bouvier's Law Dictionary, we find the term defined: To grow to; to be added to; to become a present right or demand. So, while some of the taxes involved may have been previously levied or have been owing at time of the commencement of the action, they were not delinquent at that time, and appellee had no present right or demand therefor. The clause, "subse-

quent to the foreclosure," as here used, must be construed to mean subsequent to the commencement of the foreclosure proceedings. No other logical conclusion can be arrived at. To hold, as suggested, that the foreclosure continues until confirmation would make the provision last referred to meaningless.

There is also some discussion in briefs as to the distinction between general taxes and special assessments; but they are all tax liens, and the statute here involved provides for the foreclosure of "the lien for all taxes then delinquent." The distinction urged is not of importance in this proceeding.

While the provisions of this act are not entirely clear and specific, its manifest purpose and intent is obvious, and the construction given by the trial court is not inconsistent with the terms of the law. Therefore, the purpose and intent of the legislature should not be defeated merely because not declared in the most complete and accurate language. *In re Arrigo*, 98 Neb. 134, 152 N. W. 319.

We conclude that the trial court properly refused to confirm the sales involved herein for the reasons stated in its finding and decree heretofore set out.

Some other questions are discussed in the briefs, such as the effect of the tax lien foreclosure on instalments of special assessments not included in the foreclosure proceedings and subsequently becoming due, as well as, what is conveyed by the sheriff's sale, and the nature of the title acquired by the purchaser on confirmation of sale under such a proceeding. These questions are not involved under the record here presented.

Appellee urges that the trial court had no jurisdiction to act upon the motion to confirm sale until after expiration of two years from the date thereof. While the statute is silent as to the reason for granting the period delaying the confirmation for two years, we are impressed with the view that it was to protect the owner's right of redemption, which is provided for by a prior provision of the same section, which reads: "The owner of the fee or

any person having a legal interest in any separate parcel may redeem at any time within two years from the date of the sale thereof." The provision for postponing the confirmation for two years being for the benefit of the defendant, on waiver by him of that right, the court could confirm the sale at any time.

The contention of appellee that the court could act only upon the motion "of the county attorney" for confirmation cannot be sustained. While it is possible the county attorney may be under no obligation to ask for confirmation prior to the expiration of two years from the date of sale, yet, the provision of the statute that the court should examine the proceedings and, if found correct, confirm sale "on motion of the county attorney" was doubtless incorporated into the law with the view of securing a confirmation of the sale in the purchasers "without further cost to them" as by said law provided. A bidder at a sheriff's sale has such an interest in the proceedings as entitles him to move for confirmation.

It is further urged by the appellee that Beth Smith was not the real purchaser at said sale; that William A. Ehlers, the former owner of the property, or a part of it, purchased said property at the sale for himself in the name of Beth Smith, a stenographer in his office. There are some circumstances shown by the evidence which lend force to such contention; but the only direct evidence on that subject is the testimony of Mr. Ehlers, who testifies that he acted for and on behalf of Beth Smith, the purchaser at the sale; that Beth Smith furnished the money for the purchase of the lots. The burden of proof on this issue was upon the appellee and we find such issue not to have been sustained by the required weight of evidence. Decree of district court

AFFIRMED.